**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0332-20

DONNA M. DELVALLE,

    Plaintiff-Appellant,

v.

DANIEL J. QUINN, and
DONNAJEAN E. KAFADER,

    Defendants-Respondents.

_____

Submitted October 26, 2021 – Decided November 9, 2021

Before Judges Fisher and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2150-17.

Lueddeke Law Firm, attorneys for appellant (Karri Lueddeke, on the briefs).

Maggs McDermott & DiCicco, LLC, attorneys for respondent (James A. Maggs, of counsel; Victoria J. Adornetto, on the brief).

PER CURIAM

Plaintiff Donna DelValle was employed as a medical staff manager by Atlantic Medicine & Wellness, LLC, from 2012 to 2016. Defendant Daniel Quinn was a patient of Dr. Vladimir Berkovich, one of Atlantic's physicians. The other defendant, DonnaJean Kafader, is not an Atlantic patient but she has had an intermittent dating relationship with Quinn over the course of many years; in addition, her adult daughter, Michelle Navas, is a patient of Dr. Berkovich. Quinn viewed himself as having a stepfather/stepdaughter relationship with Navas.

This suit has its genesis in the undisputed fact that Kafader heard, and told Quinn, that members of Atlantic's staff referred to Quinn as a "creepy perverted stepdad" because he accompanied Navas to her appointments, often entering and remaining in the consultation room with Navas when she met with Dr. Berkovich. Kafader learned of this office gossip from Linda Husserl, who was not employed by or a patient of Atlantic but is plaintiff's sister.

Upon hearing from Kafader what Husserl told Kafader, Quinn spoke to Dr. Berkovich and, in response to the doctor's questions, advised that Husserl was the source of his information. In depositions, both Quinn and Dr. Berkovich acknowledged Quinn sought nothing but a halt to the gossip. Atlantic's partners met and discussed the matter, believed a breach of office confidence had

A-0332-20

occurred, determined plaintiff was the cause of the breach, and terminated her employment.

Plaintiff commenced this action against only Quinn and Kafader, alleging defamation, tortious interference with an economic advantage, and the tort of outrage. After discovery closed, defendants successfully moved for summary judgment, and the complaint was dismissed.

Plaintiff appeals, arguing only that the judge erred in dismissing her claim of defendants' tortious interference with her economic advantage. We find insufficient merit in plaintiff's arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(1)(E), adding only the following few comments.

To maintain her tortious interference claim, plaintiff was required to prove: (1) a reasonable expectation of economic advantage; (2) defendants acted intentionally and with malice in interfering with plaintiff's reasonable expectation; (3) defendants' interference caused the loss of the economic benefit; (4) and if there was no interference it was reasonably probable plaintiff would have received the anticipated economic benefit. See Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 750-52 (1989); Harris v. Perl, 41 N.J. 455, 462 (1964). The reference to the word "malice" in the second element does not mean that the defendant acted with "ill will toward the plaintiff," only that the

defendant inflicted the harm "intentionally and without justification or excuse." Printing Mart, 116 N.J. at 751.

In adhering to the Brill[1] standard, the trial judge assumed the truth of plaintiff's factual assertions, provided her with the benefit of all reasonable inferences, and therefore accepted plaintiff's allegations that: she was terminated because of Quinn's conversation with Dr. Berkovich; her employment would have continued but for that conversation and Atlantic's investigation that followed without Quinn's further involvement, and all the other elements of the cause of action were adequately supported – except one.

The judge found no admissible evidence and that it was not otherwise reasonably inferable from the evidence that defendants Quinn and Kafader acted intentionally or with ill will. Instead, the judge observed that Quinn had expressed surprise when he learned of plaintiff's termination and that he had no plan or intention of causing her termination. We agree the evidence on this element was so one-sided as to warrant the entry of summary judgment in defendants' favor.

For example, Quinn testified that he only wanted the staff to stop joking about his relationship with Navas. Indeed, the one-sided evidence demonstrated

---

[1]  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520 (1995).

A-0332-20

that Quinn never mentioned plaintiff's name in connection with his complaints to Dr. Berkovich, that he did not seek a termination of plaintiff's employment, and that he was surprised about her firing. Plaintiff acknowledged in her discovery responses that her termination was based on a breach of confidence and that she had no evidence to suggest Quinn made such an allegation when he spoke with Dr. Berkovich. And Dr. Berkovich testified at his deposition that it wasn't Quinn's complaint that prompted plaintiff's termination; that step was taken only after Atlantic investigated and concluded there was a breach of confidence. There is simply no direct evidence, or a reasonable inference to be drawn, that Quinn intentionally or maliciously acted.

Kafader was also entitled to summary judgment. While it was her conversation with Husserl that formed the basis for Quinn's complaint to Dr. Berkovich, Kafader never spoke to Dr. Berkovich or anyone else at Atlantic about the situation.

We affirm for these reasons and substantially for those reasons set forth by Judge Linda Grasso Jones in her written opinion.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

5